OPINION
Defendant-appellant Johnny Reynolds appeals his November 1, 2000 sentence from the Tuscarawas County Court of Common Pleas stemming from a conviction on one count of Corruption of a Minor, in violation of R.C.2907.04. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 17, 2000, defendant-appellant, Johnny Reynolds [hereinafter appellant], was indicted on one charge of corruption of a minor, in violation of R.C. 2907.04, a felony of the fourth degree.[1] The charge was based upon an allegation that appellant, at the age of 20, engaged in sexual conduct with a 14 year-old female victim, including digital penetration, both vaginally and anally, and fondling. Allegedly, appellant's sexual conduct continued despite the victim's requests for appellant to stop. Appellant was arraigned on April 28, 2000, at which time he entered a plea of not guilty.
On July 20, 2000, appellant appeared in the trial court and changed his plea from not guilty to guilty as charged. Upon receiving appellant's plea of guilty, the trial court ordered that a presentence investigation [hereinafter PSI] be prepared prior to sentencing.
Once the PSI was prepared, the trial court was informed of a prior juvenile adjudication for rape, of which the trial court was not previously aware.[2] In the prior juvenile adjudication appellant was found to be delinquent due to appellant, at age 15, having had vaginal/penis intercourse with a three year old child.
Appellant was subsequently sentenced to fourteen months of imprisonment by Judgment Entry filed November 1, 2000.
It is from this sentence that appellant prosecutes this appeal, raising the following assignment of error:
 THE SENTENCE IMPOSED BY THE TRIAL COURT ORDERING THE DEFENDANT TO PRISON IS IN VIOLATION OF LAW.
Appellant, in his sole assignment of error, claims the trial court's sentence was contrary to law, pursuant to R.C. 2953.08.[3] We disagree.
At the outset, we note R.C. 2953.08 governs an appeal of sentence for a felony and establishes our standard of review. Subsection (G)(1) states as follows:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
. . .
(d) That the sentence is otherwise contrary to law.
(Emphasis added)
Pursuant to R.C. 2929.13(B), there are two findings a trial court must make to impose a prison sentence on a felony four offender. First, the trial court must determine if any of the factors identified in R.C.2929.13(B)(1) are applicable. In this case, R.C. 2929.13(B)(1)(f) is applicable because the offense is a fourth degree sex offense in violation of R.C. 2907.04.
If the trial court makes a finding that one of the factors of R.C.2929.13(B)(1) is applicable, as in the case sub judice, the trial court shall sentence the offender to a prison term if, after considering the factors set forth in R.C. 2929.12, it finds that a prison term is consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11 and finds that the offender is not amenable to an available community control sanction. ("The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).)
Revised Code 2929.12(B), (C), (D), and (E) set forth the factors to be considered in determining whether the offender's conduct was more or less serious than conduct normally constituting the offense and whether or not the offender is likely to commit future crimes. The trial court found the following factors applicable to appellant:
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
. . .
 (6) The offender's relationship with the victim facilitated the offense.
. . .
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
. . .
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions. . . .
 (5) The offender shows no genuine remorse for the offense. . . .
The trial court made the following findings at the sentencing hearing:
 . . . So the first factors I'm considering result or relate to recidivism so I'm going to go that way first, not seriousness. And I'm going to conclude that the recidivism factors indicating that — recidivism, that means that you'll commit another crime like this or similar in the future — that the factors indicating that recidivism is more likely that apply in this case are the following: That Johnny was adjudicated on a prior occasion as a delinquent child and that that adjudication is indeed a history of a criminal conviction even though it's as a juvenile. And that was that he was adjudicated a delinquent by reason of committing a felony crime of rape of a three year old child and that you were committed to the Department of Youth Services on May 23rd `95 for that crime.
 I'm also going to note that as an adult you have that conviction albeit a misdemeanor for criminal mischief.
 I'm also indicating for this record that the recidivism factor which indicates you are more likely to repeat is that you have failed to respond favorably in the past to sanctions imposed for criminal conviction. That means that you were found guilty and sentenced as a juvenile and you have now committed another sexual offense, the first being a serious sexual offense and now six years later or so you are found guilty of another sexual offense. So I'm concluding that more likely a recidivism factor or the factor that recidivism is more likely does apply.
 And I understand Mr. Latanich and I understand you have said you're sorry for what you did but my read on the remorse issue, Johnny, is that the factor that you show no remorse or not a sufficient amount of remorse does apply. And my explanation for concluding that applies is that in your statement you have blamed the offender (sic. victim) for initiating this offense. And that in your involvement with the three year old when you were investigated and prosecuted for that, that there was a similar allegation that you blamed the three year old for your conduct with the three year old. That to me demonstrates a lack of genuine and sufficient remorse. So I'm finding those three factors do apply as relates to recidivism being more likely.
 As relates to recidivism being less likely or unlikely, I'm concluding that the factor which says not adjudicated delinquent prior to offense does not apply. That the factor no prior criminal convictions does not apply. That the factor law abiding for significant number of years prior to offense does not apply. That the factor occurred under circumstances unlikely to recur does not apply. And the factor offender shows genuine remorse does not apply.
 Going on the seriousness factors. Those which I feel apply in this case indicating that the crime committed as Johnny has committed it is more serious than the crime normally committed, this type of an offense, corruption of a minor, are as follows: The injury to the victim was worsened by the physical or mental condition or age of the victim. The child involved in this case by her very age in my opinion indicates that this factor applies, that the crimes he's committed, in this case corruption of a minor, is more serious than the corruption of a minor offense normally committed.
 I'm also disagreeing with you, Gerry, respectfully and finding that the relationship of the victim did facilitate the offense. He's inside the house of people he knows. These are not strangers and I believe that that relationship did facilitate the commission of the offense. It's not your typical facilitation with a family member or some other relationship but I believe it does apply. So those are the more serious factors that relate here.
 And as relates to less serious factors I'm finding that none of the less serious factors set forth in Ohio law apply in this case, those being victim induced or facilitated the offense. Again, respectfully disagreeing with your conclusion that it did. That Mr. Reynolds acted under strong provocation doesn't apply in my opinion.
 No physical harm to persons or property expected or caused. I disagree. I think that there was in a sense physical harm by the touching although it wasn't serious physical harm as we normally envision an [sic] define that.
 And I'm finding no substantial grounds for mitigation exist.
 Now, relating to felony fours and fives that I must take into account, I'm finding that the crime is a sex offense. I'm not finding that physical harm was caused to the person as would be required to be found in a felony four or five as we normally consider physical harm. But I do believe it's under the more serious factors in terms of that act of harming her as a result of physically touching her. But I will be the first to admit there was no striking of her or choking or what I would call physical harm relating from a typical assault.
 And so other than the fact that this is a sex offense the other factors which the Court considers for felony fours and fives don't apply, those being attempt to cause or made actual threat of physical harm with a weapon doesn't apply. Attempt to cause or make actual threat of physical harm to person that has a prior conviction that caused physical harm to a person does not apply. [sic] Offender held a public office does not apply. Committed for hire doesn't apply. Offender previously served a prison term. Well, he was in the Department of Youth Services, that's true, but not an adult prison. And it doesn't apply in this case that he committed the offense while under community control sanction clearly does not apply.
 Now moving from those factors of seriousness and recidivism to the amenability of Johnny Reynolds for community controls I'm going to conclude that he's not and the reason why I am concluding that he is not is in part as follows: That Mr. Reynolds admits committing the offense but blames the victim for initiating it. Mr. Reynolds admitted the victim told him stop at least two times and a witness stated she told him no or stop several times. That Mr. Reynolds has a juvenile adjudication for rape of a three year old and which he also claimed the victim, the three year old, initiated the offense.
 Mr. Reynolds was reportedly resistant to treatment for that offense. He has been referred to Community Mental Health Care Incorporated for sex offender specific evaluation but he failed to attend that program. And he is referred by the Court to the Stark Regional Community Correction Center and he also failed to report for those appointments.
 So I'm concluding that Johnny Reynolds in this case is not amenable to community controlled sanctions and that to impose a sentence of community controlled would demean the seriousness of the crime and would not adequately protect the public from further criminal behavior by Mr. Reynolds.
Transcript of Proceedings at 31-36.
In the case sub judice, appellant specifically contends that the use of a pre-Senate Bill Two [hereinafter S.B. 2] juvenile adjudication for rape as a basis for a prison sentence is contrary to law. Appellant further contends that the trial court was wrong when it found (1) that appellant had a history of criminal convictions, See R.C. 2929.12(D)(2); (2) that appellant had not responded favorably to past sanctions, See R.C.2929.12(D)(2)(3); (3) that appellant showed no genuine remorse, See R.C. 2929.12(D)(2)(5); (4) that the injury suffered by the victim of the offense was exacerbated because of the physical or mental condition or age of the victim, See R.C. 2929.12(B)(1); and (5) that the relationship with the victim facilitated the offense, See R.C. 2929.12(B)(6). We will consider each of appellant's challenges in turn.
As to appellant's first contention, that a pre-S.B. 2 adjudication cannot be considered in sentencing, we find such argument meritless. First, we note that appellant cites this court to no authority in support of his assertion. Further, R.C. 2929.12(D) (Recidivism Factors) specifically calls for the consideration of prior adjudications, without reference to S.B. 2. A review of appellant's oral comments before the trial court reveals that appellant contended that a pre-S.B. 2 conviction could not be used as a means to statutorily enhance a sentence since appellant was not warned of this consequence at the adjudication for his juvenile offense. We find this argument meritless for two reasons. First, the prior adjudication is not being used to statutorily enhance a sentence. It is only being used as a factor to be considered in determining appellant's likelihood to commit future crimes. Second, at the time appellant committed the current violation of corruption of a minor, S.B. 2 was in place. Therefore, appellant was on notice that his prior juvenile adjudication would be a factor in determining his sentence for the offense.
Likewise, we find appellant's challenges to the trial court's findings meritless. First, appellant claims that a juvenile adjudication in 1995 and a criminal mischief conviction are insufficient to support the trial court's finding that appellant had a "history of criminal convictions."
Revised Code 2929.12(D)(2) states: "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes: . . . The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions." The trial court finds that appellant "was adjudicated on a prior occasion as a delinquent child and that that adjudication is indeed a history of a criminal conviction. . . ." Transcript of proceedings at 31. The fact of this prior adjudication is not disputed. Therefore, since R.C. 2929.12(D)(2) is written in the disjunctive, the first alternative, "previously adjudicated a delinquent child", is applicable. However, appellant challenges the trial court's finding of the second alternative provided in R.C. 2929.12(D)(2), "history of criminal convictions. It may be arguable that a prior juvenile delinquency adjudication for rape (which is not technically a conviction) and a prior conviction for criminal mischief do not constitute a "history of criminal conviction." But, it is not arguable that the prior adjudication and conviction constitute "any other relevant factor" indicating the offender is "likely to commit future crime." R.C. 2929.12(D).
Appellant also challenges the trial court's finding that appellant did not respond favorably to past sanctions. Appellant points out that the prior juvenile adjudication for rape occurred approximately five years before the current offense. Appellant argues that since the juvenile adjudication, appellant was only convicted on one count of criminal mischief. In light of the fact that appellant was previously convicted of rape of a three-year old, this court does not agree with appellant that a five year period of time between the rape and sexual conduct with a fourteen year old is a significant period of time so as to say that appellant responded favorably to past sanctions. Appellant committed a sexual offense on a child again. We cannot say that, under the circumstances of this case, that appellant responded favorably to the past, juvenile sanctions. Our decision is further bolstered by the PSI which reports that appellant has a two year old child by a mother who is now eighteen years of age. While appellant was apparently not convicted for any associated illegal sexual behavior, it would appear that appellant had sex with a minor in order to conceive his child.
The trial court also found that appellant showed no genuine remorse. We agree. Appellant contended that the crime was facilitated by the victim because she kissed him (a claim which the victim denied). Appellant has, in essence, blamed the victim for his conduct. We find that appellant's contention that the victim was to blame is counter intuitive to a claim of remorse. We find that there was sufficient evidence upon which the trial court could base a finding that appellant failed to show genuine remorse.
Appellant also challenges the findings that the trial court made in arriving at its holding that the offense in this case was more serious than the typical violation of R.C. 2907.04. First appellant challenges the trial court's finding that the injury to the victim was worsened by the mental/emotional condition or chronological age of the victim. Appellant points to the lack of evidence on the record regarding any physical or emotional trauma involved. However, the PSI includes a statement by the victim. The statement indicates that the child victim, who was only 14 years of age, endured a traumatic event. We note that violations of R.C. 2907.04 are most commonly committed through consensual sexual conduct with a minor. Here, the victim's statement indicates that the sexual conduct between her and appellant was not consensual. Her statement includes a clear indication that the sexual conduct was against her will and persisted despite the victim's attempts to stop the conduct. In that the victim was a 14 year old child and the sexual conduct showed clear elements of forced, non-consensual sexual conduct, we find that the trial court's finding was sufficiently supported by the record.
Appellant also challenges the trial court's finding that the relationship with the victim facilitated the offense. The trial court found that appellant "was a guest in the home of the victim and was not a stranger to the victim." Judgment Entry, November 1, 2000. The record shows that appellant was a guest in the home. The victim's mother invited appellant to sleep in her home. The mother of the victim went to bed, thereby implicitly trusting the appellant to act appropriately with her 14 year old daughter while she slept. We cannot find by clear and convincing evidence that the trial court's finding is not supported by record.
In conclusion, we find the record supports a finding that the trial court properly considered the relevant statutory factors in sentencing appellant. Upon review, we cannot find clear and convincing evidence that the record does not support the findings of the trial court or that the sentence is otherwise contrary to law.
Appellant's sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.
Edwards, P.J. Gwin, J. and Wise, J. concur.
[1] R.C. 2907.04, Unlawful Sexual Conduct with a Minor:
 (A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.
[2] At appellant's request, the PSI was entered into evidence at the sentencing hearing. The trial court ordered that the PSI be sealed.
[3] Appellant claims his sentence is appealed pursuant to R.C.2953.08(B)(2), as contrary to law. That section provides the prosecuting attorney or similar legal official a basis for appeal. Upon our review, we believe appellant intended to bring an appeal pursuant to R.C.2953.08(A)(4) which authorizes a defendant to appeal a sentence that is contrary to law.